

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# Bogen Comm v. Tri-Signal

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bogen Comm v. Tri-Signal" (2007). *2007 Decisions.* Paper 1306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1987

BOGEN COMMUNICATIONS, INC.
In The Matter Of Arbitration Between

v.

TRI-SIGNAL INTEGRATION, INC.
In The Matter Of Arbitration Between

Bogen Communications, Inc.,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-06275
District Judge:  The Honorable William G. Bassler

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>

(Filed    April 13, 2007 )

OPINION

BARRY, <u>Circuit Judge</u>

Bogen Communications, Inc. ("Bogen") appeals from an order of the District Court for the District of New Jersey denying its Petition to Compel Arbitration. Because the dispute that Bogen seeks to arbitrate arose more than two years after the expiration of the contract containing the arbitration clause, we will affirm.

Bogen, a manufacturer and seller of sound systems and telephone peripherals, authorized Tri-Signal Integration, Inc. ("Tri-Signal"), a company that specializes in the design and installation of fire safety and communications systems, to distribute sound systems in California. The two companies entered into a written contract that included an arbitration clause. The contract expressly stated that it would terminate on December 31, 2000, and that it could be renewed only through a writing signed by both parties.

After the contract expired, the companies continued to do business together, but they conducted their relationship on materially different terms. Bogen no longer required Tri-Signal to (1) attend and participate in training courses; (2) submit business plans and market reports; (3) meet quarterly to establish performance criteria; or (4) provide annual financial statements. In addition, Bogen allowed Tri-Signal to pay on credit and expanded Tri-Signal's territory to include Sacramento and San Diego Counties.

Beginning on May 7, 2003, more than two years after the contract expired, Bogen sent Tri-Signal a series of termination letters. These letters did not accord with the notice

or opportunity to cure provisions contained in the original contract.[1]

On November 12, 2004, Tri-Signal sued Bogen, alleging a series of claims stemming from the termination letters that included breach of an implied-in-fact contract but not breach of the original contract. On December 14, 2004, Bogen filed a Demand for Arbitration and on December 21, 2004, filed a Petition to Compel Arbitration. The District Court found that none of Tri-Signal's claims was based on Bogen's actions during the term of the original contract and denied the Petition. As noted above, it is this order from which Bogen appeals.

We have jurisdiction over the District Court's denial of Bogen's Petition to Compel Arbitration pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(B). We exercise plenary review because the construction of a contract constitutes a legal question. Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc., 247 F.3d 44, 53 n.2 (3d Cir. 2001).

Despite well-established policy considerations favoring the enforcement of arbitration agreements under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., a party can only be required to arbitrate if "that party has entered into a written agreement to arbitrate that covers the dispute." Bel-Ray Co., Inc. v. Chemrite Ltd., 181 F.3d 435, 440 (3d Cir. 1999); see also 9 U.S.C. § 2. "Unless the parties clearly and unmistakably provide

---

[1] The contract had specified sixty days' notice for a termination for cause and had provided for the opportunity to cure any alleged breach.

3

otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986).

The District Court did not err in refusing to order arbitration because Bogen chose not to renew the contract that contained the arbitration clause. The dispute over termination did not arise until more than two years after the original contract expired and does not relate back to that contract.

Bogen relies on Luden's Inc. v. Local Union No. 6 of the Bakery, Confectionery and Tobacco Workers' International Union of America, 28 F.3d 347 (3d Cir. 1994), to argue that in continuing to do business together after the contract expired, the companies' conduct gave rise to an implied-in-fact agreement containing an arbitration clause. Luden's, however, was decided by us in the context of a labor dispute, where the parties had engaged in extensive negotiations concerning the extension of a collective bargaining agreement.[2] Id. at 350-51. The employer and union in Luden's intended to renew their agreement and intended for it to contain an arbitration clause. Id. at 356. Indeed, the litigation concerned retroactive wages for the period between the expiration of the old

---

[2] The four Third Circuit cases that cite Luden's also involve labor unions and collective bargaining agreements. See Durham Life Ins. Co. v. Evans, 166 F.3d 139, 159 (3d Cir. 1999); Graphic Communs. Int'l Union, Local 735-S v. North Am. Directory Corp. II, 98 F.3d 97, 100 (3d Cir. 1996); McQuestion v. New Jersey Transit Rail Operations, 30 F.3d 388, 393 (3d Cir. 1994); Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 399 (3d Cir. 1994).

agreement and the ratification of the new one, both of which contained an arbitration clause.  Id. at 349, 356.  Here, by contrast, the companies neither signed a new contract nor evidenced any continuing intention to arbitrate disputes.

The order of the District Court will be affirmed.